IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01861-REB-MEH

JACOBO MUNOZ,

    Petitioner,

v.

J. M. WILNER, Warden, FCI-Florence

    Respondent.

---

**RECOMMENDATION ON PETITIONER JACOBO MUNOZ' APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Petitioner Jacobo Munoz' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed August 29, 2008; docket #2]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the application is referred to this Court for recommendation. (Docket #15.) The application is briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons stated herein, the Court **RECOMMENDS** that Petitioner's § 2241 Application be **DENIED AS MOOT**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by

**I.       Background**

Petitioner Jacobo Munoz is presently in the custody of the CCM Long Beach Community Corrections Office, which is a component of the Federal Bureau of Prisons.[2] According to the Notice filed by Petitioner on May 15, 2009, Petitioner resides at a Residential Reentry Center in Santa Fe Springs, California. (Docket #24.) On February 16, 2000, the U.S. District Court for the Western District of Texas sentenced Petitioner to a total term of 150 months of imprisonment followed by five years of supervised release, after he pled guilty to conspiracy to distribute cocaine. (Docket #2 at 6-7; docket #10 at 4.) Petitioner was serving his sentence at the Federal Correctional Institution in Florence, Colorado when he submitted this Section 2241 application. (Docket #2 at 1.) Petitioner's projected release date is November 17, 2009.[3]

Petitioner initiated this action by filing *pro se* this application on August 29, 2008. The government submitted a preliminary response on October 21, 2008, as ordered by the Court. (Docket #10.) Petitioner replied to the preliminary response on November 6, 2008. (Docket #11.) The application was referred to this Court on November 17, 2008. (Docket #15.) The government filed another response on November 25, 2008, and Petitioner replied on December 10, 2008. (Dockets #17, 21.)

Petitioner alleges Respondent "wrongfully delayed" Petitioner's placement in the "500 Hour Residential Drug and Alcohol Treatment Program at FCI-Florence." (Docket #2 at 2-3 (Residential Drug and Alcohol Treatment Program referred to as "RDAP").) Because of this delay, Petitioner

---

the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]The Court confirmed Petitioner's location on July 1, 2009, through the BOP Inmate Locator website *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

[3]Also confirmed through the BOP Inmate Locator website, *supra* note 2.

contends he lost the one-year early release incentive authorized by 18 U.S.C. § 3621(e)(2)(B).[4] (*Id.* at 6.)  Petitioner believes that the Bureau of Prisons improperly ranked other inmates who are ineligible for a Section 3621(e) sentence reduction above him on the RDAP waiting list, thereby unfairly delaying his entry into the program. (*Id.* at 8-9.)  Petitioner requests the Court to "immediately place" Petitioner in an RDAP class and to reduce his term of supervised release "by four (4) years" as compensation for the alleged "loss of sentence reduction." (*Id.* at 5-6.)  In his application, Petitioner admits he has not exhausted administrative remedies, but states he had submitted "several administrative remedy complaints" and received no response. (*Id.* at 2.)

In its preliminary response and second response, the government explained that Petitioner did not exhaust administrative remedies because upon receipt of his first administrative remedy request, the Bureau of Prisons did as Petitioner requested and changed his release date to reflect a sentence reduction pursuant to Section 3621(e). (Docket #10 at 6, 11.)  In the attached Declaration dated October 10, 2008, by Deborah A. Locke, the Senior Attorney Advisor for the Federal Correctional Complex in Florence, Colorado, Ms. Locke attested that Petitioner's eligibility for the RDAP program and possible sentence reduction had been noted in the SENTRY records at the BOP since September 18, 2007. (Docket #10-2 at 4; *see also* docket #10-6 at 2 (copy of SENTRY record for Petitioner).)  Ms. Locke stated Petitioner actually began participation in RDAP on April 30, 2008. (Docket #10-2 at 4.)  Ms. Locke described how Petitioner filed only one formal administrative remedy during his time at the FCI-Florence facility, and in that request, Petitioner sought to be ranked on the RDAP waiting list in consideration of his eligibility for a Section 3621(e)

---

[4]18 U.S.C. § 3621(e)(2)(B) states "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

3

reduction, in order to timely receive a partial reduction of his sentence. (*Id*. at 6.) In response to Petitioner's administrative request, Ms. Locke verified that the facility's RDAP Coordinator adjusted Petitioner's projected release date from April 22, 2010, to November 18, 2009, pursuant to Section 3621(e) and contingent upon Petitioner's successful completion of RDAP as required by statute. (*Id*.; *see also* docket #10-5 at 4.) The government contends Petitioner's application is moot, as his request to be placed in RDAP and for an adjustment to his projected release date reflecting his RDAP participation had been approved and implemented by the date of Ms. Locke's declaration on October 10, 2008.[5]

In reply, Petitioner argues that the responses proferred by the government "identif[y] a pattern of corruptness that permeates throughout the entire RDAP Program at FCI-Florence and [are] laced with and built on incorrect and misleading information." (Docket #21 at 2.) Petitioner contends he did not start RDAP in April, May, June, or July of 2008. (*Id*. at 3.) However, Petitioner does not describe any evidence or factual allegations indicating otherwise, in the face of the records and declaration submitted by the government, other than his own declaration stating the same conclusion proposed in his reply, that he did not start RDAP on April 30, 2008. (*See* docket #22.) For the following reasons, the Court agrees with Respondent and recommends Petitioner's application be denied as moot.

---

[5]The government's response mirrors its preliminary response. (*See* docket #17.) In both filings, the government describes three phases of RDAP, in that "most inmates will complete residential drug abuse treatment, participate in institution transitional services (if time allows), and then transfer to a community-based program." (*Id*. at 5; see also docket #17-4 (internal BOP policies for RDAPs).)

4

**II.     Discussion**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis,* No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008) (citing *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001) (emphasis added)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). *E.g., Hobbs v. Rios*, 215 F. App'x 773 (10th Cir. 2007) (evaluation of request for sentence reduction due to completion of RDAP pursuant to Section 2241). Here, Petitioner correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where he was incarcerated at the time of filing.

Review of the evidentiary materials submitted by the government indicates Petitioner submitted a request for administrative remedy on September 10, 2008, asking that the BOP rank him on the RDAP waiting list in consideration of his Section 3621(e) eligibility. (Docket #17-8 at 2.)

On September 19, 2008, Respondent informed Petitioner that his request for administrative remedy was granted, in that Petitioner was already enrolled in RDAP and that "the request to change your release date to a 3621e early release [would] be initiated in the next 2 weeks." (*Id.* at 5.) The Inmate History printout dated October 3, 2008, indicates Petitioner had been on the RDAP waiting list since September 18, 2007, and entered RDAP as a participant on April 30, 2008. (Docket #17-6 at 2.) The Inmate Data printout dated October 9, 2008, recognizes April 22, 2010, as Petitioner's statutory release date, but designates November 18, 2009, as Petitioner's projected conditional release date pursuant to Section 3621(e). (Docket #17-5 at 4.) The BOP's online inmate locator corroborates this approximate date, indicating November 17, 2009, as Petitioner's projected release date.

Notably, the projected release date complies with Section 3621(e)'s requirement that a sentence reduction pursuant to Section 3621(e) must be not more than one year from the term the prisoner must otherwise serve, as November 17, 2009, is within a year of April 22, 2010. Moreover, as noticed by Petitioner himself, Petitioner has transferred out of FCI-Florence to a Residential Reentry Center in Santa Fe Springs, California, as of May 21, 2009, which is consistent with the RDAP program description presented by Respondent. (Docket #24.) It appears to the Court that Petitioner received his requested relief, that is, placement on the RDAP waiting list, enrollment in the RDAP program, and a reduced sentence contingent upon completion of RDAP pursuant to Section 3621(e). As to Petitioner's request for compensation due to the delay in receiving the relief he sought, the Court perceives no delay on part of Respondent, due to the fact that, pursuant to the BOP's records, Petitioner's administrative remedy request was granted and his projected conditional release date pursuant to Section 3621(e) correctly stated in his records within one month of his administrative request.

### III.   Conclusion

Accordingly, for the reasons stated above, the Court **RECOMMENDS** Petitioner Jacobo Munoz' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [<u>filed August 29, 2008; docket #2</u>] be **DENIED AS MOOT**.

Dated at Denver, Colorado, this 6th day of July, 2009.

BY THE COURT:

<u>s/ Michael E. Hegarty</u>
Michael E. Hegarty
United States Magistrate Judge